CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 0 1 2016

JULIA C. DUDLEY, CLERK
BY: /s/ CLERK
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| | |
|---|---|
| United States of America<br>v.<br>Tredarius Jameriquan Keene<br><br>*Defendant* | )<br>)<br>) Case No. 4:16 MJ 11<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of  08/31/2016  in the county of  Danville  in the  Western  District of  Virginia , the defendant violated  18  U. S. C. §  922(g)(1) , an offense described as follows:

Title 18 USC 922(g)(1)-Possession of firearm by convicted felon.

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

ATF Special Agent Russell Davidson
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  09/01/2016

_____
Judge's signature

City and state:  Roanoke, VA

United States Magistrate Judge Robert Ballou
*Printed name and title*

# Affidavit 4:16mj11

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 01 2016
JULIA C. DUDLEY, CLERK
BY: /s/ 
DEPUTY CLERK

I, Russell Davidson, being duly sworn, depose and state the following:

I am a Senior Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, United States Department of Justice, I have been employed with ATF since July 2002 and I am presently assigned to the Roanoke, Virginia Field Office. I have successfully completed the Criminal Investigators Training Program and New Professional Training, ATF National Academy, held at the Federal Law Enforcement Training Center, Glynco, Georgia. Prior to this employment, I was employed as a sworn police officer for the City of Lynchburg, Virginia for eight years. During those eight years, I was assigned to the Vice/ Narcotics Unit responsible for conducting drug trafficking investigations. Since becoming an ATF Special Agent, I have conducted narcotics and firearms investigations involving large conspiracies. This aforementioned experience has given me the knowledge to recognize the methods used by criminal violators and individuals disposed to commit criminal offenses to conceal their overall criminal activities from law enforcement personnel and other persons. This affiant knows that it is a violation of:

Title 18 USC Section 922(g) (1) – It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to possess any firearm or ammunition.

The information contained in this affidavit is based on my knowledge of this investigation and other facts provided to me by others. I have not included all the facts of this investigation in this affidavit, but only enough to establish probable cause.

1. On August 31, 2016, around 1515 hours, Danville Police Department Officer D. Lancaster observed a tan, 2008 Dodge Magnum (Virginia Issue VBZ-8412) parked in the street on Jefferson Avenue near Colquhoun Street. The vehicle drove off and circled through Berryman Avenue, Paxton Street, Stokes Street, and South Main Street. While following the vehicle on Main Street near Jefferson Street, Officer Lancaster noticed the left rear window of the car was darker than normal.

2. Officer Lancaster was in a police vehicle without emergency lights, so he contacted Officer B. N. Jones to stop the vehicle. Officer B. N. Jones stopped the Dodge Magnum as it pulled into 560 Main Street. Officer Lancaster followed Officer B. N. Jones into the parking lot. Officer Lancaster approached the driver's side and had the driver, Jaszmine Leftwich, roll down the two left windows. Officer Lancaster then observed Tredarious KEENE in the left rear of the vehicle. Nikia Jones was the front passenger and the owner of the vehicle. KEENE appeared very nervous (breathing heavily). K-9 Officer W. C. Shively was contacted to conduct an exterior sniff of the vehicle with his K-9 (and also to provide Officer Lancaster with a tint meter as Officer B.N. Jones did not have one).

1

3. Once Officer Shively arrived, he provided Officer Lancaster with the tint meter (model TM100). Officer Lancaster calibrated the meter and then checked the left rear window of the vehicle which showed 19% visibility (when it supposed to be at least 35%). The left front window was 39%, which was required to be at least 50%. Officer Lancaster went back to Officer B. N. Jones patrol vehicle to issue Leftwich a window tint summons. While the summons was being issued, Officer Shively advised the occupants of the vehicle to step out because an exterior sniff of the vehicle was going to be conducted. It is also standard police procedure to have occupants exit the vehicle before the sniff occurs.

4. Officer Lancaster noticed Officer Land and Sgt. McLaughlin with Tredarious KEENE (who was now outside the Dodge Magnum). KEENE kept reaching in his shorts pockets and the Officers told him to stop. KEENE then attempted to take off running and was taken into custody by Sgt. McLaughlin and Officer Land. KEENE was told to stop resisting several times. Officer Land observed a bulge in between KEENE`s shorts. The object was very hard and Officer Land immediately recognized this as a firearm. The handgun barrel was actually pointed outward. Officer Land removed a Springfield 9mm handgun (Serial Number US891863) from in between KEENE`s legs. The firearm had one round chambered and sixteen, 9mm Winchester luger (copper color) rounds in the magazine.

5. Officer Lancaster told KEENE he was under arrest and advised KEENE of his Miranda Rights. KEENE stated he understood his rights. KEENE was taken to the Police Department where he was interviewed by Cpl. High. KEENE told Cpl. High that he ran with "Crips". KEENE stated he was a felon. KEENE was arrested for possessing a firearm by a convicted felon and concealed weapon.

6. This affiant interviewed KEENE and advised he was still under the same Miranda Rights as earlier and KEENE advised he understood. KEENE admitted he was jumped in as a Blood gang member at the age of 15 and recently stepped away from the gang. KEENE told this affiant that he picked the pistol up from a stash spot which was an abandoned house located on the corner of Colquhoun and Dame Street approximately 30 minutes prior to the arrest. He wanted to have the pistol on him because of the gang related turf wars that were going on in the Danville area.

7. This affiant reviewed the criminal history of KEENE and the history indicates a felony conviction for grand larceny on October 28, 2014 in the Circuit Court of Danville. This affiant interviewed Officer Lancaster and the firearm meets the definition of a firearm.

8. ATF Roanoke S/A Keith Teehan, after being given a description of the firearm seized (Springfield, Model XP9, 9mm semi-pistol, serial# US8911863) determined that the pistol affected interstate commerce.

The facts and information contained in this affidavit are based upon my personal knowledge as well as knowledge and observations obtained from other law enforcement officials involved in this investigation. I am thoroughly familiar with the information contained in this affidavit through personal exposure to the records, reports, and discussions with other law enforcement personnel. The facts comprising the basis for this affidavit are true and correct, to the best of my knowledge.

Based on my knowledge, training, and experience, the preceding information set forth in this Affidavit constitutes supportive evidence that:

Tredarius Jameriquan KEENE possessed a firearm after being previously convicted of a felony, in violation of Title 18, United States Code Section 922 (g)(1) that the aforementioned violations took place in the City of Danville, in the Western District of Virginia.

Special Agent Russell Davidson

ATF-Roanoke, VA.

Sworn and subscribed to

Before me this 1st day of

September, 2016.

Robert S. Ballou

United States Magistrate Judge

3